[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 20-13665

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JOSEPH PETER CLARKE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:13-cr-20334-CMA-2

_____

Before JORDAN, GRANT, and EDMONDSON, Circuit Judges.

PER CURIAM:

Joseph Clarke appeals the procedural and substantive reasonableness of his below-guidelines total sentence of 190 months' imprisonment.  No reversible error has been shown; we affirm.

Clarke's convictions arose from a reverse sting operation in which Clarke and his co-defendant agreed to rob a fake drug stash house purportedly containing 15 kilograms of cocaine.  In 2013, a jury found Clarke guilty of conspiracy to commit Hobbs Act robbery, 18 U.S.C. § 1951(a) (Count 1); conspiracy to possess with intent to distribute cocaine, 21 U.S.C. § 846 (Count 2); possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1) and 924(e)(3) (Count 4); and possession of a firearm in furtherance of a crime of violence, 18 U.S.C. § 924(c)(1)(A) (Count 5).  The district court sentenced Clarke to life imprisonment.  We affirmed Clarke's convictions and sentence on direct appeal.

Clarke later moved to vacate his sentence under 28 U.S.C. § 2255.  Following the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019) -- which struck down as unconstitutionally vague the residual clause of section 924(c) -- the district

court reversed Clarke's conviction under Count 5. The district court then ordered resentencing on Counts 1, 2, and 4.

In advance of the resentencing hearing, the probation officer prepared a revised Presentence Investigation Report ("PSI"). The PSI calculated Clarke's total offense level as 34. This total offense level, together with Clarke's criminal history category of VI, resulted in an advisory guidelines range of between 262 and 327 months' imprisonment.

Clarke filed timely objections to the PSI. At the sentencing hearing, the district court overruled Clarke's objections and accepted the PSI's calculation of the applicable guidelines range.

Clarke also moved for a downward variance on these grounds: (1) a purported unwarranted sentencing disparity between Clarke and his co-defendant; (2) Clarke's "extraordinary" post-conviction rehabilitation; (3) the general unfairness of stash-house-robbery sting cases; (4) the unduly harsh sentences imposed for drug offenses; (5) the alleged overcounting of Clarke's criminal history; (6) Clarke's post-conviction acceptance of responsibility; and (7) the restrictive prison conditions imposed in response to the COVID-19 pandemic. Clarke requested a below-guidelines sentence between 121 and 151 months.

The district court found the evidence of Clarke's post-conviction rehabilitation justified a below-guidelines sentence. The district court, however, rejected Clarke's remaining arguments in support of a downward variance. After considering the totality of

the circumstances and the section 3553(a) factors, the district court sentenced Clarke to 190 months' imprisonment.

On appeal, Clarke first challenges the procedural reasonableness of his sentence. Clarke contends the district court erred in determining his base offense level under U.S.S.G. § 2D1.1. Clarke also says the district court counted improperly two juvenile offenses and two marijuana-possession convictions when calculating Clarke's criminal history category. Clarke acknowledges his arguments are unsupported by existing law but seeks to preserve these arguments in the event the law changes.

When reviewing a sentence for procedural reasonableness, we review *de novo* legal questions and review for clear error the district court's factual findings. *See United States v. Rodriguez-Lopez*, 363 F.3d 1134, 1136-37 (11th Cir. 2004). Generally speaking, we give "due deference" to the district court's application of the guidelines to the facts. *See id.*

A sentence may be procedurally unreasonable if the district court calculates incorrectly the guidelines range, treats the guidelines as mandatory, fails to consider the 18 U.S.C. § 3553(a) factors, chooses a sentence based on clearly erroneous facts, or fails to explain the chosen sentence. *United States v. Gonzalez*, 550 F.3d 1319, 1323 (11th Cir. 2008). Clarke has failed to demonstrate that his sentence is procedurally unsound.

The district court committed no error in calculating Clarke's base offense level. The district court applied properly the

sentencing guidelines when it grouped together Clarke's convictions for conspiracy to commit Hobbs Act robbery, conspiracy to possess with intent to distribute cocaine, and felony possession of a firearm. *See* U.S.S.G. § 3D1.2 (providing that the sentencing court must group together "[a]ll counts involving substantially the same harm," including counts involving "the same victim and the same act or transaction" and counts in which one count "embodies conduct that is treated as a specific offense characteristic" under the guideline for another count). After grouping Clarke's convictions, the district court also calculated correctly Clarke's base offense level using U.S.S.G. § 2D1.1 -- the guideline yielding the highest offense level. *See* U.S.S.G. § 3D1.3(a) (providing that the "offense level applicable to a Group is the offense level . . . for the most serious of the counts comprising the Group, i.e., the highest offense level of the counts in the Group.").

We also reject Clarke's challenges to the calculation of his criminal history category. Clarke says the district court erred in counting his 1996 convictions (for armed robbery and for resisting an officer without violence) and his 1997 convictions (for grand theft vehicle and for resisting an officer without violence): offenses Clarke committed when he was 15 and 16 years' old. According to the undisputed facts in the PSI, Clarke was convicted as an adult in both cases and was sentenced ultimately to 7 years' imprisonment. The district court thus scored properly these convictions in calculating Clarke's criminal history category. *See* U.S.S.G. § 4A1.2(d)(1) (offenses committed before a defendant's eighteenth

birthday are counted in determining the applicable criminal history category "[i]f the defendant was convicted as an adult and received a sentence of imprisonment exceeding one year and one month.").

Clarke next argues that the district court counted improperly his two marijuana-possession convictions because (according to Clarke) these offenses would no longer be prosecuted under Florida's current law. Nothing evidences that the purported changes to Florida law apply retroactively or that Clarke's marijuana convictions have been expunged. These convictions thus remain subject to counting in determining the applicable criminal history category. *See generally* U.S.S.G. § 4A1.2 (specifying circumstances in which a prior conviction is not counted, including when a conviction has been expunged).

Clarke next challenges his sentence as substantively unreasonable. We evaluate the substantive reasonableness of a sentence under a deferential abuse-of-discretion standard. *See Gall v. United States*, 552 U.S. 38, 41 (2007). In reviewing the substantive reasonableness of a sentence, we examine "the totality of the circumstances, including . . . whether the statutory factors in § 3553(a) support the sentence in question." *Gonzalez*, 550 F.3d at 1324.

The district court must impose a sentence that is "sufficient, but not greater than necessary, to comply with the purposes" of 18 U.S.C. § 3553(a)(2), which include the need for a sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, deter criminal conduct, and protect the public from future crimes. 18 U.S.C. § 3553(a). We will not vacate a

sentence on substantive-reasonableness grounds unless "we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Cabezas-Montano*, 949 F.3d 567, 611 (11th Cir. 2020) (quotation omitted).

The party challenging the sentence bears the burden of establishing that the sentence is unreasonable in the light of both the record and the section 3553(a) factors. *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005).

Clarke has failed to demonstrate that his sentence substantively is unreasonable. Not only did Clarke and his co-defendant plan to commit the stash-house robbery, but the record evidences that Clarke was willing and prepared to kill any person who interfered with the robbery. Given the nature and circumstances of the offense and Clarke's history of violent crime, the district court concluded reasonably that a 190-month sentence was necessary to reflect the seriousness of the offense and to protect the public. The district court considered Clarke's arguments in favor of a downward variance and imposed a below-guidelines sentence based on evidence of Clarke's post-conviction rehabilitation.

Clarke argues that the district court failed to consider adequately his other arguments in support of a downward variance, including his post-conviction acceptance of responsibility, the "extraordinary" prison conditions imposed in response to the COVID-

19 pandemic, and the purported inherent unfairness of reverse sting operations. That the district court afforded less weight to these mitigating factors -- and declined to impose a sentence within the range requested by Clarke -- does not make Clarke's sentence unreasonable. "The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court, and we will not substitute our judgment in weighing the relevant factors." *United States v. Amedeo*, 487 F.3d 823, 832 (11th Cir. 2007) (quotations and alterations omitted).

Clarke also complains about a disparity between his 190-month sentence and the 120-month sentence of his co-defendant, whom Clarke says played a bigger role in the offense. When evaluating a claim of disparity, we consider "whether the defendant is similarly situated to the defendant to whom he compares himself." *United States v. Duperval*, 777 F.3d 1324, 1338 (11th Cir. 2015). In rejecting Clarke's disparity argument, the district court explained that Clarke had a "far more extensive" criminal history than did his co-defendant (who had a criminal history category of I). The district court thus concluded properly that Clarke and his co-defendant were not similarly situated for purposes of demonstrating an unwarranted sentencing disparity. *See United States v. Johnson*, 980 F.3d 1364, 1386 (11th Cir. 2020) (concluding that co-defendants with different criminal histories were not similarly situated).

That Clarke's sentence is below both the advisory guideline range and below the statutory maximum sentence (20 years' imprisonment on Count 1 and life imprisonment on Count 2) is also

20-13665                Opinion of the Court                9

indicative of reasonableness. *See United States v. Stanley*, 739 F.3d 633, 656 (11th Cir. 2014).

On this record, we are unconvinced that Clarke's below-guidelines sentence was unreasonable or that "the district court committed a clear error of judgment in weighing the § 3553(a) factors." *See Cabezas-Montano*, 949 F.3d at 611.

AFFIRMED.

.